■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR HERNANDEZ, Appellant, et al., Defendants.—Judgment, Supreme Court, New York County (Ira Globerman, J.), rendered April 25, 1989, convicting defendant after jury trial of assault in the second degree, and sentencing him to an indeterminate term of from 3 to 6 years imprisonment, unanimously affirmed.

Defendant and two others were convicted of assault for an attack on a fellow inmate at Rikers Island, during which the victim was stabbed and suffered a collapsed lung. Defendant now challenges the sufficiency of the evidence, contending that, for various reasons, each of the People's witnesses lacked credibility.

Contrary to defendant's argument, we find that the evidence, viewed in the light most favorable to the People *(People v Contes,* 60 NY2d 620, 621), was legally sufficient. The testimony of the complainant and an inmate eyewitness was not rendered incredible merely because of their extensive criminal records. *(People v Siu Wah Tse,* 91 AD2d 350.)* It was conceded at trial that there were various inconsistencies in the testimony of the People's witnesses. In particular, the People conceded that the correction officer, whom they called as a witness, perjured himself to the extent that he attempted to protect a fellow officer who was required to be present in the prisoner dormitory, but who had apparently been released without authorization to use the bathroom. There is, nevertheless, no reason to believe that this witness had not actually observed defendant participate in the assault. Moreover, all of the issues relating to credibility were squarely presented to the jury, and we discern no reason to usurp their role as arbiter of credibility *(People v Mosley,* 112 AD2d 812, *affd* 67 NY2d 985).* Concur—Murphy, P. J., Milonas, Ross and Rubin, JJ.