■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BLANCO, Appellant. [618 NYS2d 207] —Judgment, Supreme Court, Bronx County (Lawrence J. Tonetti, J.), rendered March 26, 1992, convicting defendant, after a jury trial, of assault in the second degree and sentencing him, as a youthful offender, to a term of 6 months plus 5 years probation, unanimously affirmed.

There is no merit to defendant's contention that the identification testimony of the eyewitness was incredible as a matter of law *(see, People v Hernandez,* 173 AD2d 382, *lv denied* 78 NY2d 967). The jury was informed of the fact that the witness was a convicted felon and that he had violated his probation. Moreover, the witness was seated across from the perpetrator for about 5 minutes, during which he gazed directly at him for a period of some 2½ to 3 minutes. It is also not insignificant

that, shortly after the commission of the crime, the witness furnished the police with a description that closely matched that of defendant. In these circumstances, the jury was certainly warranted in crediting the witness' account *(see, People v Mack,* 165 AD2d 736).

Defendant's failure to object to the trial court's charge on second degree assault renders unpreserved for appeal his claim that the jury was incorrectly instructed *(see, People v Capriles,* 198 AD2d 57, *lv denied* 83 NY2d 870). Were we to consider this argument in the interest of justice, we would find that the court's charge, when viewed as a whole, conveyed the proper standard to the jury *(see, People v Coleman,* 70 NY2d 817). Nor is there merit to defendant's argument that the court was in error in denying his motion to dismiss pursuant to CPL 30.30. Concur—Ellerin, J. P., Kupferman, Asch, Nardelli and Tom, JJ.